```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

MICHAEL A. BURKE,                  :
                                   :
     Plaintiff,                    :
                                   :
     v.                            :     CASE NO. 3:07CV1181(RNC)
                                   :
JAMES MIRON, ET AL.                :
                                   :
     Defendants.                   :
```

### RECOMMENDED RULING ON MOTION TO DISMISS
### OR FOR COSTS OR SANCTIONS

Pending before the court is the Municipal Defendants' Motion to Dismiss or for Costs or Sanctions (doc. #60). The defendants seek dismissal of the action, or other sanctions, due to the plaintiff's second refusal to submit to a deposition.

A.   Factual Background

On October 22, 2008, the *pro se* plaintiff refused to participate in his properly-noticed deposition at the New Haven Correctional Center. According to the defendants, plaintiff walked into the room, saw that *pro se* defendant Carolyn Mason was present, and refused to go forward with the deposition. Despite defense counsel's efforts to explain to the plaintiff that his conduct was in violation of a court order and could lead to the dismissal of his case, the plaintiff refused to participate in his deposition.

The plaintiff's refusal to submit to this deposition was in violation of a court order dated August 19, 2008, in which the court granted a motion to compel plaintiff's deposition. In that order, the court specifically stated that "[p]laintiff must submit

to a deposition within the next 30 days, and defendant Carolyn Mason is entitled to be present and to question the plaintiff pursuant to the Federal Rules of Civil Procedure." (Doc. #46.)[1] The plaintiff's opposition to the defendants' Motion to Dismiss offers no explanation for his conduct.

B.  Motion to Dismiss

Federal Rule of Civil Procedure 37 authorizes the entry of sanctions, including dismissal with prejudice, where a party fails to "obey an order to provide or permit discovery" or fails to "appear before the officer who is to take the deposition, after being served with proper notice." Fed. R. Civ. P. 37(b)(2)(C); 37(d). "Dismissal with prejudice is a harsh remedy to be used only in extreme situations." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994)(citation omitted). "*Pro se* litigants, though generally entitled to special solicitude before district courts, are not immune to dismissal as a sanction for noncompliance with discovery orders." Agiwal v. Mid Island Mortg. Corp., No. 07-3460-cv, 2009 U.S. App. LEXIS 2851, *8-9 (2d Cir. Feb. 13, 2009)(internal citation and quotation marks omitted). However, the sanction of dismissal with prejudice may be imposed against a *pro se* party only if the court warned the *pro se* party that noncompliance with court orders could result in dismissal of the action with prejudice. Id. at 50; Bobal v. Rensselaer Polytechnic

---

[1]That order was entered after plaintiff walked out of a previous deposition on July 1, 2008.

Inst., 916 F.2d 759, 764 (2d Cir. 1990); Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Here, the court did not specifically warn the plaintiff that failure to comply with court orders could result in dismissal of the case.

The defendants note, correctly, that the plaintiff is a prolific and experienced litigator in this district. Nonetheless, in light of Second Circuit precedent requiring a clear warning to *pro se* litigants in such circumstances, the court recommends that the defendants' motion to dismiss be denied.

C.   Other Sanctions

Monetary sanctions should be imposed. The court recommends that the plaintiff be ordered to pay the defendants' reasonable fees and costs associated with the October 22, 2008 deposition and this motion. The defendants shall submit affidavits itemizing their fees and costs on or before **March 15, 2009.**

D.   Conclusion

The court recommends that the defendants' motion be granted in part and denied in part, and that monetary sanctions be imposed as set forth above.

The plaintiff is ordered to appear for a deposition. Defendant Carolyn Mason is entitled to be present and to question the plaintiff pursuant to the Federal Rules of Civil Procedure. **The plaintiff is warned that his failure to submit to deposition as required by this order, or his violation of any other order of this court, may lead to the entry of sanctions, including dismissal.**

3

Any party may seek the district court's review of this recommendation.  See 28 U.S.C. § 636(b)(written objections to proposed findings and recommendations must be filed within ten days after service of same); Fed. R. Civ. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Thomas v. Arn, 474 U.S. 140, 155 (1985); Frank v. Johnson, 968 F.2d 298, 300(2d Cir. 1992).  "[F]ailure to timely object to a magistrate judge's report within ten (10) days will preclude appellate review."  Small v. Sec'y of Health and Human Serv.s, 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED at Hartford, Connecticut this 20th day of February, 2009.

> ____/s/_____
> Donna F. Martinez
> United States Magistrate Judge